## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**May 23, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: **J.G.**

**No. 15-1201** (Nicholas County 15-JA-29)


## MEMORANDUM DECISION

Petitioner Father J.C., by counsel John C. Anderson II, appeals the Circuit Court of Nicholas County's November 6, 2015, order terminating his parental rights to seven-year-old J.G.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Cammie L. Chapman, filed a response on behalf of the child also in support of the circuit court's order and a supplemental appendix. On appeal, petitioner argues that the circuit court erred in adjudicating him as an abusing parent[2] and in terminating his parental and custodial rights to the child.[3]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]In this assignment of error, petitioner employs the phrase "abusive and neglectful" parent. We note that the circuit court did not use this phrase in its adjudicatory order. Further, West Virginia Code § 49-1-201 provides only for a definition of "abusing parent," which "means a parent, guardian or other custodian, regardless of his or her age, whose conduct has been adjudicated by the court to constitute child abuse *or neglect* as alleged in the petition charging child abuse or neglect." (Emphasis added.) Throughout this memorandum decision, we use the correct statutory phrase "abusing parent," which includes a parent found to have neglected a child.

[3]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In August of 2015, the DHHR filed an abuse and neglect petition against petitioner alleging abandonment. The DHHR claimed that petitioner failed to provide food, clothing, shelter, supervision, medical care, education, or emotional support for more than one year; failed to pay monthly child support, which was imposed in 2010 by the Family Court of Nicholas County; and was incarcerated.[4]

In September of 2015, the circuit court held an adjudicatory hearing. At that hearing, the evidence showed that petitioner was incarcerated from 2009 until 2012 in this State; was thereafter incarcerated in the State of South Dakota, from 2012 up to and including the date of the hearing, for grand theft, third-degree burglary, failure to appear, and forgery; was more than $4,000 in arrears in his child support payments; and failed to provide food, clothing, shelter, supervision, medical care, education, or emotional support to the child. His parole eligibility date was said to be in early 2016.[5] At the conclusion of that hearing, the circuit court found petitioner to be an abusing parent.

In October of 2015, the circuit court held a dispositional hearing. The circuit court ultimately found that petitioner was incarcerated from the time the child was five months old; could not participate in services while incarcerated in South Dakota; failed to provide for the child; and was to remain incarcerated for the foreseeable future with no guarantee of release on parole. The circuit court also found that the child's best interests required termination. Based on these findings, by order entered on November 6, 2015, the circuit court terminated petitioner's "parental and custodial rights" to the child. This appeal followed.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply

---

[4]A prior abuse and neglect petition was filed against petitioner and the child's mother with regard to this child. However, following an adjudicatory hearing on the prior petition, the circuit court dismissed petitioner from that action.

[5]At the time of the adjudicatory hearing in September of 2015, petitioner's parole eligibility date was in 2016. However, according to the guardian in a motion filed in this appeal, petitioner was denied parole at his 2016 parole hearing. His next parole eligibility date falls in 2017.

because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Further, our case law is clear that "in the context of abuse and neglect proceedings, the circuit court is the entity charged with weighing the credibility of witnesses and rendering findings of fact." *In re Emily*, 208 W.Va. 325, 339, 540 S.E.2d 542, 556 (2000) (citing Syl. Pt. 1, in part, *In re Travis W.*, 206 W.Va. 478, 525 S.E.2d 669 (1999)); se*e also Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997) (stating that "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations.").

On appeal, petitioner first argues that the circuit court erred in adjudicating him as an abusing parent. While he claims that his incarceration has caused no abuse or neglect to the child, he expressly admits to the allegations in the petition that he has been incarcerated since the child was five months old; remains incarcerated; is more than $4,000 in arrears in court-ordered child support; and has failed to provide food, clothing, shelter, supervision, medical care, education, or emotional support to the child. West Virginia Code § 49-1-201 defines "[n]eglected child" as a child

> [w]ho is presently without necessary food, clothing, shelter, medical care, education or supervision because of the disappearance or absence of the child's parent or custodian[.]

Petitioner readily admits that his absence in prison in South Dakota prevents him from providing the child with the necessities, supervision, and care listed in the statutory definition for "neglected child." Therefore, the circuit court committed no error in finding that petitioner's conduct, as alleged in the petition, constitutes child neglect.

Further, according to West Virginia Code § 49-1-201, an "'abusing parent' means a parent, guardian or other custodian, regardless of his or her age, whose conduct has been adjudicated by the court to constitute child abuse or *neglect* as alleged in the petition charging child abuse or neglect." (Emphasis added.) Because the circuit court found that petitioner's conduct, as alleged in the petition, constituted child neglect, it is clear that petitioner is an abusing parent. As such, we find no merit to petitioner's first assignment of error.

Petitioner's second assignment of error is that the circuit court erred in terminating his parental and custodial rights to the child. Pursuant to West Virginia Code § 49-4-604(b)(6), circuit courts are directed to terminate parental, custodial, and guardianship rights and responsibilities when "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future and, when necessary for the welfare of the child[.]"

In this case, petitioner argues that termination was not warranted because he "could correct these conditions [of neglect] in the near future." In support of this claim, he relies on his parole eligibility date in 2017 and his assertion that he would correct the conditions of neglect upon his release. Although petitioner could potentially be released in 2017 and could potentially work to correct these issues upon his release, we are limited in our appellate review to whether the circuit court abused its discretion based on the circumstances present at the time of its ruling in November of 2015. At that time, the circuit court was required to determine if petitioner could correct the conditions of neglect in the near future. The circuit court clearly determined at that time that petitioner could not correct these conditions in the "near future" even if he were released at the first parole hearing in 2016. Following our review of the record on appeal and the parties' arguments, we find no error in the circuit court's ruling. This is particularly true given petitioner's continued admission to this Court that he not ineligible for parole until 2017, and, even then, his release is not guaranteed. Because there is no reasonable likelihood that the conditions of neglect could be substantially corrected in the near future and the child's welfare required termination, the circuit court correctly terminated petitioner's parental and custodial rights to the child.

To the extent petitioner argues that the circuit court erroneously relied solely upon his incarceration to terminate his parental and custodial rights, we likewise find no error. We have explained that

> [w]hen no factors and circumstances other than incarceration are raised at a disposition hearing in a child abuse and neglect proceeding with regard to a parent's ability to remedy the condition of abuse and neglect in the near future, the circuit court shall evaluate whether the best interests of a child are served by terminating the rights of the biological parent in light of the evidence before it. This would necessarily include but not be limited to consideration of the nature of the offense for which the parent is incarcerated, the terms of the confinement, and the length of the incarceration in light of the abused or neglected child's best interests and paramount need for permanency, security, stability and continuity.

*In re: Cecil T.*, 228 W.Va. at 91, 717 S.E.2d at 875, syl. pt. 3. Further, "[a]lthough we have not adopted a *per se* rule regarding the impact incarceration has on a termination of parental rights decision, we have likewise not said that the facts surrounding a parent's incarceration may never form the basis for terminating parental rights." *Id.* at 97, 717 S.E.2d at 881.

Here, the circuit court found that petitioner was incarcerated for the foreseeable future; was more than $4000 in arrears in child support; was not able to support his child; and "has never had a relationship with [the child.]" The circuit court clearly considered factors other than petitioner's incarceration, such as his relationship with the child before and after his incarceration and his failure to pay child support at any time. Furthermore, in accordance with our holding in *In re Cecil T.*, the circuit court also considered the nature of petitioner's offenses and the terms and length of his incarceration in light of the child's need for permanency and stability. The circuit court specifically noted that petitioner's parole eligibility date was "no guarantee he will be paroled" at that time and that termination was in the child's best interests, which included the child's "need for continuity in care and caretakers[.]" Given the

4

circumstances of this case, we find that the circuit court did not violate the protections set forth in *In re Cecil T* related to a parent's incarceration.

For the foregoing reasons, we find no error in the circuit court's November 6, 2015, order, and we hereby affirm the same.

Affirmed.

**ISSUED**: **May 23, 2016**

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II